ORDER OF REMAND
GARY M. BEAUDRY, Chief Justice.
Upon review of an Affidavit of Gordan Mail and of the Notice of Appeal of record with this court, this court now finds the following:
1. That on or about August 7, 1995 the Appellant, Gordan Alan Mail, filed a Notice of Appeal, appealing a sentence handed down by the honorable Chief Judge of the Fort Peek Tribal Court, A.T. Stafne. The Defendant’s sentence consisted of forty-five (45) days flat time, a $25.00 ambulance fee, driver’s license suspension for a period of six months, and required a drug and alcohol evaluation administered by Spotted Bull Treatment Center and further ordering the Defendant to follow through with recommendations of Spotted Bull Treatment Center evaluation; additionally, the Defendant was given credit for time served (1 day).
2. On appeal the Appellant, Gordan Alan Mail states that he entered a plea *144 agreement with Mr. Emmit Buckles, the Tribal Prosecutor. It is Mr. Mail’s recollection that the Tribal Prosecutor informed the Defendant that if he pled guilty to the DUI the prosecutor would agree that a fine would imposed of $325.00 and the Defendant would be sentenced to five days flat time.
3. The lower court record has not been preserved in this matter. The Clerk of the Fort Peck Tribal Court of Appeals has attempted to make copies of the lower court record and develop a transcript of the lower court pre-trial proceedings and also a transcript of the change of plea proceedings and sentence proceedings; however, no electronic tape recording of any of the above mentioned proceedings is available for the Clerk to provide a transcript. Additionally, the lower court record does not contain a complaint or any other type of documentation indicating that Gordan Alan Mail was ever prosecuted in the lower court.
4. The appeal herein may be meritorious, however, from review of the facts it is not needful. Having no record before it the lower court cannot sustain or impose a conviction upon the Defendant/Appellant, Gordan Alan Mail; therefore, this court is without ability to affirm the lower courts decisions and has no ability to dismiss an appeal without a lower court record.
NOWTHEREFORE it is the order of this court that this matter be remanded to the lower court for further disposition.